AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*This document relates to*

SARAH FREDRICKS, Individually and as Administrator of the Estate of HOMER FREDRICKS, Deceased,

Plaintiff,

vs.

PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.),

Defendants.

MDL Docket No. 1699

CASE NO. 3:07-cv-5002-CRB

**PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT**

**JURY DEMAND ENDORSED HEREIN**

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Decedent was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Celebrex®.

**II.**

**ANSWER**

Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedents' age and citizenship, , and whether Plaintiff is the Administrator of Decedent's Estate, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2. Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Michigan, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3. Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4. Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® in the United States, including Michigan and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this paragraph of the Complaint.

6. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

7. Defendants state that the allegations in this paragraph of the Complaint regarding “predecessors in interest” are vague and ambiguous. Defendants are without knowledge or

information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

8. Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the State of California and deny the remaining allegations in this paragraph of the Complaint.

10. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Michigan and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Michigan and California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the States of Michigan, Louisiana, or the State of California and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

11. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition or whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in

this paragraph of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17. Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants deny the remaining allegations in this paragraph of the Complaint.

18. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21. Plaintiff's Complaint omits Paragraph Number 21.

22. Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

23. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny

any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24. Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

25. Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

27. Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

28. Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text. Any attempt to characterize the FDA Update is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

29. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30. Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000. Defendants assert that the submission speaks for itself and any attempt to characterize it is denied. Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

32. Plaintiff's Complaint omits Paragraph Number 32.

33. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34. Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35. Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36. Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38. Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41. Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

42. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

44. Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiff fails to provide the proper context for the allegations concerning "Data Safety

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

46. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47. Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49. Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51. Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53. Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

54. Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55. Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

57. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58. Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59. Defendants deny the allegations in this paragraph of the Complaint.

60. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61. Defendants deny any wrongful conduct and deny the allegations contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

62. Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65. Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000. Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text. Any attempt to characterize the letters is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66. Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

67.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

72. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

74. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76. Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

77. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

81. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Complaint.

82. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

85. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

86. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

90. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's medical conditions and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Complaint.

**Response to Second Cause of Action: Strict Liability**

96. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

98. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

99. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

100. Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

103. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and deny the remaining allegations in this paragraph of the Complaint.

104. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

106. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

112. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

115. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding

Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

119. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

121. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

122. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

123. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

124. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

125. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

126. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

127. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

128. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

129. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

130. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

131. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

132. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Complaint.

135. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

136. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

137. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

139. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

147. Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

148. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

151. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

152. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

153. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

154. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

155. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

156. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

158. Answering the second Paragraph 158 in the Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

159. Plaintiff's Complaint omits Paragraph Number 159.

160. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

161. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

same. Defendants deny the remaining allegations in this paragraph of the Complaint.

164. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

166. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

167. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

168. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

169. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

170. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action:  State Suppliers Liability Statute**

172.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

174.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

175.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

177.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

178.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

179.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

181.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

182.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

183.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

184. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

185. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

186. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

187. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Ninth Cause of Action: Unjust Enrichment**

188. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

189. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

190. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

192. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

193. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

194. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

195. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

196. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

197. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

198. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

199. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

200. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

## III.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9. The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10. Any injuries or expenses incurred by Plaintiff or Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11. Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12. A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13. The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14. Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15. Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16. Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17. Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18. Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19. Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20. Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21. Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22. The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23. Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24. Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25. Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26. Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27. Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28. Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29. To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30. Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, Louisiana, and Michigan, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31. Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32. The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33. Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34. In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35. Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36. To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37. Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

States Constitution.

**Thirty-eighth Defense**

38. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California, Louisiana, and Michigan. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-ninth Defense**

39. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40. The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41. If Plaintiff or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42. The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44. Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and Decedent, and were independent of or far removed from Defendants' conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-fifth Defense**

45. The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47. The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48. The claims must be dismissed because Plaintiff and Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49. The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50. Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51. Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff and Decedent.

**Fifty-second Defense**

52. Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53. The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54. Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55. Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56. Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants. Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58. Defendants assert all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

**Fifty-ninth Defense**

59. The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiff's claims are barred by MCL 600.2946(5).

**Sixtieth Defense**

60. Plaintiff's claim for non-economic damages is capped pursuant to MCL 600.2946a.

**Sixty-first Defense**

61. To the extent Plaintiff proves that the products in question caused or contributed to any injury Plaintiff or Decedent may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiff cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

**Sixty-second Defense**

62. Defendants assert all of the protections and defenses afforded them, and Plaintiff's claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-third Defense**

63. The product alleged to have caused damages may not have been used in the manner and for the purposes intended. Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant to MCL 600.2947.

**Sixty-fourth Defense**

64. Plaintiff's claim for non-economic damages is barred for the reason that Plaintiff's percentage of comparative fault is greater than the aggregate fault of the Defendants and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable, must be reduced in total or part pursuant to 600.2946(a).

**Sixty-fifth Defense**

65. The claims set forth in Plaintiff's Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

**Sixty-sixth Defense**

66. Plaintiff and Decedent failed to make every reasonable effort to mitigate, prevent and/or reduce their alleged damages, injuries, and monetary losses.

**Sixty-seventh Defense**

67. Plaintiff's claims, part of Plaintiff's claims, or evidence relating to Plaintiff's claims may be barred in whole or in part due to possible spoliation of evidence by Plaintiff or Decedent, or those within Plaintiff's or Decedent's control or with full knowledge of Plaintiff or Decedent.

**Sixty-eighth Defense**

68. Any claims for punitive damages are barred in that they are not allowable under Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further violate Defendants' constitutional rights under the following clauses of the United States Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines and Equal Protection.

**Sixty-ninth Defense**

69. Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants by reason of the Complaint;
2. That the Complaint be dismissed;
3. That Defendants be awarded their costs for this lawsuit;
4. That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;
5. That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and
6. That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

January 18, 2008

GORDON & REES LLP

By: :__________/s/______________

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

January 18, 2008

TUCKER ELLIS & WEST LLP

By: :__________/s/______________

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC, PHARMACIA CORPORATION, and G.D. SEARLE LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

January 18, 2008

GORDON & REES LLP

By: :_________/s/____________

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

January 18, 2008

TUCKER ELLIS & WEST LLP

By: :_________/s/____________

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC, PHARMACIA CORPORATION, and G.D. SEARLE LLC